UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RAUL MAGANA-HERRERA, | : | CIV. NO. 25-5848 (RMB) |
| Petitioner | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| WARDEN, FCI FORT DIX, | : | |
| Respondent | : | |

This matter comes before the Court upon Petitioner's Emergency Motion to Stay Transfer and Enforce Court's Jurisdiction Pending Resolution of § 2241 Petition ("Mot. to Stay" Dkt. Nos. 6, 7); Respondent's letter request for a five-day extension of time to file an expedited answer to Petitioner's habeas petition under 28 U.S.C. § 2241 (Dkt. No. 5); Petitioner's opposition to Respondent's request for an extension of time (Dkt. No. 8); and Respondent's response to Petitioner's Motion to Stay (Dkt. No. 9). For the reasons that follow, the Court will deny Petitioner's Motion to Stay and grant in part Respondent's request for an extension of time to answer the petition for writ of habeas corpus.

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on May 23, 2025 (Dkt. No. 1), followed by payment of the filing fee on May 28, 2025. On June 2, 2025, Petitioner filed an Emergency Motion for Immediate Release Pending Habeas Determination ("Emergency Motion" Dkt. No. 2.) He seeks immediate release to home confinement or a residential reentry center, for which he alleges he was eligible as early as June 21, 2024, pursuant to the First Step Act. (Dkt. No. 2.) According to Petitioner:

> On May 28, 2025, BOP Director William K. Marshall III publicly directed BOP staff to prioritize immediate home confinement for all FSA-eligible inmates.

> The directive explicitly abolishes categorical exclusions (including immigration status) and affirms that there is no cap on FSA credits applied toward home confinement.
>
> The new guidance demands immediate action by BOP personnel to use Conditional Placement Dates to effect release.

Dkt. No. 2 at 2; Exhibit ("Federal Bureau of Prisons Issues Directive to Expand Home Confinement, Advance First Step Act") Dkt. No. 2-2.

On June 6, 2025, the Court ordered Respondent to file an expedited answer to the petition, due June 11, 2025, and denied without prejudice Petitioner's emergency motion for release. (Order, Dkt. No. 3.) On June 9, 2025, Petitioner filed an emergency motion to stay his transfer to another BOP facility or ICE detention. (Mot. to Stay, Dkt. No. 6.) Petitioner submits that he received a transfer order from BOP, dated June 9, 2025, which failed to inform him of the location or purpose of his transfer. (*Id.*) Petitioner seeks a stay to preserve this Court's jurisdiction over his § 2241 petition, and any relief he may be entitled to if the petition is granted. (*Id.*)

By letter dated June 10, 2025, Respondent requested an extension of time to answer the petition, until June 16, 2025. (Letter, Dkt. No. 5.) Respondent explained:

> Petitioner, who is subject to an immigration detainer, alleges that BOP improperly denied him a pre-release placement in a Residential Reentry Center ("RRC") pursuant to a 2025 memorandum. Generally, as part of the agency's discretionary review for pre-release custody placements, BOP denies RRC placements to inmates subject to any kind of detainer. *See* BOP Program Statement 7310.04 ¶ 10(f) (1998). *See Martinez-Polanco v. Warden*, FCI Fort Dix, Civ. No. 24-7005-RMB, 2025 WL 1511192, at *4 (D.N.J. May 27, 2025) ("Under BOP policy and BOP's discretion to make placement determinations under 18 U.S.C. § 3624, his immigration detainer independently barred him from prerelease custody to home confinement or a residential reentry center"). Nonetheless, this Office needs to work with BOP to gather information about Petitioner and his specific claims. We need just five more days to ensure that we have a sufficient understanding of the facts and issues here. In addition, key personnel at FCI Fort Dix have been out on leave

2

>during the first several days of the response period provided in the Court's order (ECF No. 3).

*Id.* at 1-2.

Petitioner filed a letter in opposition to Respondent's request for an extension of time to answer. (Letter, Dkt. No. 8.) Petitioner argues that further delay would cause irreparable harm by facilitating his unlawful transfer, loss of accrued FSA time credits, and continued unconstitutional detention. Respondent filed a letter in response. (Letter, Dkt. No. 9.) Respondent submits that: (1) this Court will not lose jurisdiction over Petitioner's § 2241 habeas petition if Petitioner is transferred to FCI Allenwood in Pennsylvania; (2) BOP is transferring Petitioner to FCI Allenwood to attend immigration proceedings through the Institutional Hearing Program ("IHP"), where he may challenge his immigration detainer.

The Court finds Petitioner's transfer is for lawful purposes and will not affect the Court's jurisdiction because Petitioner filed his § 2241 petition while in confinement within the District of New Jersey. *See Curran v. Hollingsworth*, Civ. No. 15-2770 JBS, 2015 WL 3875544, at *2 (D.N.J. June 23, 2015). Petitioner's transfer to FCI Allenwood and Respondent's short delay in fully responding to the petition will not prevent this Court's determination of the petition in an expedited manner. Therefore, the Court will deny Petitioner's Motion to Stay, and grant Respondent a short extension of time to file an answer to the Petition, until Friday June 13, 2025, at 5 p.m.

**IT IS** therefore on this **12th day of June 2025**,

**ORDERED** that Respondent's letter request for an extension of time to file an answer (Dkt. No. 5) is **GRANTED in part**; Respondent shall file an answer to Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 on or before June 13, 2025 at 5:00 p.m.; and it is further

**ORDERED** that Petitioner's Motion for Stay (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**
