**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAGANA-HERRERA, | : | CIV. NO. 25-05848 (RMB) |
| | : | |
| Petitioner | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FCI FORT DIX, | : | |
| | : | |
| Respondent | : | |

_____

RENÉE MARIE BUMB, Chief United States District Judge

Petitioner Raul Magana-Herrera, a federal inmate incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition", Dkt. No. 1.) On May 11, 2026, Respondent filed a letter seeking dismissal of the Petition as moot. (Letter, Dkt. No. 39.) For the reasons set forth below, the Court will dismiss the Petition as moot.

## I.    BACKGROUND

Petitioner alleged that, as a federal prisoner incarcerated by the Federal Bureau of Prisons ("BOP"), he is entitled to application of earned First Step Act time credits. (Petition at 8-9). For relief, Petitioner sought immediate transfer from FCI Fort Dix to a Residential Reentry Center ("RRC") or home confinement. (*Id.* at 9.)

1

On October 10, 2025, the Court granted the Petition in part, and ordered the BOP to consider, in good faith, all statutory factors under 18 U.S.C. § 3621(b) to determine whether Petitioner is appropriate for prerelease custody upon application of his earned FSA time credits, and to submit its analysis of those factors to the Court. (Opinion and Order, Dkt. Nos. 29, 20.)  BOP complied.  (Letter, Dkt. No. 31; Declaration of Laura Getz, Nos. 31-3 to 31-4.)  Petitioner responded by filing a Rule 60(b) Motion.  Dkt. No. 34.  On May 11, 2026, Respondent filed a letter advising the Court that Petitioner completed his term of incarceration and BOP transferred him to the custody of United States Immigration and Customs Enforcement ("ICE") on May 7, 2026, pursuant to his immigration detainer. (Letter, Declaration of Alisha Gallagher ("Gallahger Decl."),[1] and Ex. 1 ("Public Information Data" Dkt. No. 32.)

## II.    DISCUSSION

A habeas corpus petition under § 2241 must present a live "case" or "controversy" under Article III of the U.S. Constitution.  A case becomes moot when intervening events eliminate the petitioner's personal stake in the outcome or when the court can no longer provide meaningful relief.  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996).  In this case, the BOP denied Petitioner's prerelease custody request and transferred him to the custody of Immigration and Customs Enforcement upon expiration of his sentence.  Gallagher Decl. ¶ 4.  Even

---

[1] Alisha Gallagher is a Senior Consolidated Legal Center ("CLC") Attorney employed by BOP who has access to most BOP records maintained in the ordinary course of business.  (Gallagher Decl. ¶¶ 1, 2.)

assuming the Court were to grant Petitioner's Rule 60(b) motion, the Court could not provide meaningful relief because BOP is unable to apply First Step Act time credits toward Petitioner's prerelease custody.  Because no case or controversy remains, Petition and pending motion are moot.

## III.    CONCLUSION

The petition no longer presents a justiciable controversy. Accordingly, the Petition and pending motion will be dismissed as moot.

An appropriate Order follows.

Date:  **May 20, 2026**


<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge